IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GRACE HOTELS LIMITED and GRACE AMERICAS INC., <br><br> Plaintiffs, <br><br> v. <br><br> PINEAPPLE HOSPITALITY COMPANY, <br><br> Defendant. | Civil Action No. |

**COMPLAINT FOR TRADEMARK, SERVICE MARK, AND
TRADE NAME INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiffs GRACE HOTELS LIMITED and GRACE AMERICAS INC., by their undersigned attorneys, as and for their Complaint against PINEAPPLE HOSPITALITY COMPANY ("Defendant"), allege as follows:

**Nature of the Action**

1. This is a civil action for trademark, service mark, and trade name infringement and unfair competition arising under federal and state statutes and the common law.

2. Grace Hotels Limited is the owner of all right, title and interest in and to the following U.S. Federally registered trademarks covering, generally, hotels and hotel services: GRACE HOTELS®, U.S. Reg. No. 4,846,252; GRACE HOTELS® and Design, U.S. Reg. No. 3,931,488; GRACE®, U.S. Reg. No. 4,836,992 and GRACE®, U.S. Reg. No. 4,581,542.

3. Grace Americas Inc. is an affiliated entity of Grace Hotels Limited and operates hotels throughout the United States under the GRACE HOTELS® and GRACE® trademarks. Grace Hotels Limited and Grace Americas Inc. shall be referred to collectively as "Plaintiff."

4. Plaintiff has used the GRACE HOTELS® and GRACE® trademarks with hotels and hotel services since at least as early as December 8, 2010 in interstate commerce throughout the United States.

5. Plaintiff brings this action against Defendant because it has recently become aware that Defendant is using the phrase HOTEL GRACE as its name and mark for services that compete directly with Plaintiff's services offered under its federally registered GRACE HOTELS® and GRACE® trademarks. Defendant's accused name and mark are for all practical purposes identical to the name and marks Plaintiff has long used in the course of its business, and Defendant's use of its accused name and mark will cause actual confusion in the marketplace unless enjoined by this Court.

## The Parties

6. Grace Hotels Limited is a Cyprus company with a business office at 16 P. Catelarias Street, Nicosia, Cyprus.

7. Grace Americas Inc. is a Maine corporation with a business office at 134 East 40th Street, New York, New York 10016.

8. Grace Americas Inc. and Grace Hotels Limited are affiliated entities that operate hotels throughout the United States under the GRACE HOTELS® and GRACE® trademarks.

9. Upon information and belief, Defendant Pineapple Hospitality Company is a Washington corporation with an address at 155 108th Ave. NE #350, Bellevue, Washington 98005. Defendant does business in the State of New York and in this district.

## Jurisdiction and Venue

10. This action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051 *et seq.*, and under the laws of the State of New York and other states, both statutory and common law.

Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). This Court also has diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims are substantially related to Plaintiff's Federal Trademark Act claim.

11. Defendant is subject to the *in personam* jurisdiction of this Court because it is doing business in this District. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff is being harmed in this District and Defendant is using the infringing HOTEL GRACE mark and name in this District.

### Plaintiff and Its GRACE® and GRACE HOTELS® Name And Mark

12. Since at least as early as December 8, 2010, Plaintiff has provided hotels and hotel services throughout the United States under the trademarks GRACE HOTELS® and GRACE® (collectively, "the GRACE HOTELS® Name and Marks").

13. On September 10, 2008, Plaintiff filed a Federal trademark application for the mark GRACE HOTELS and Design for "hotels, motels, inns, restaurants, bars, and catering services; hotel, motel, inn, restaurant, bar and catering services," U.S. Application Serial No. 77/566,732.

14. On March 15, 2011, U.S. Application Serial No. 77/566,732 for the mark GRACE HOTELS and Design for "hotels, motels, inns, restaurants, bars, and catering services; hotel, motel, inn, restaurant, bar and catering services" matured into U.S. Trademark Registration No. 3,931,488. A copy of the U.S. Trademark Registration Certificate for Reg. No. 3,931,488 is attached as Exhibit 1.

15. On October 14, 2011, Plaintiff filed a Federal trademark application for the mark GRACE for "hotel services," U.S. Application Serial No. 85/981,660.

16. On August 5, 2014, U.S. Application Serial No. 85/981,660 for the mark GRACE for "hotel services" matured into U.S. Trademark Registration No. 4,581,542. A copy of the U.S. Trademark Registration Certificate for Reg. No. 4,581,542 is attached as Exhibit 2.

17. On October 14, 2011, Plaintiff filed a Federal trademark application for the mark GRACE for "hotel management services for others," U.S. Application Serial No. 85/447,730.

18. On October 20, 2015, U.S. Application Serial No. 85/447,730 for the mark GRACE for "hotel management services for others" matured into U.S. Trademark Registration No. 4,836,992. A copy of the U.S. Trademark Registration Certificate for Reg. No. 4,836,992 is attached as Exhibit 3.

19. On October 14, 2011, Plaintiff filed a Federal trademark application for the mark GRACE HOTELS for "hotel management services for others," U.S. Application Serial No. 85/447,763.

20. On November 3, 2015, U.S. Application Serial No. 85/447,763 for the mark GRACE HOTELS for "hotel management services for others" matured into U.S. Trademark Registration No. 4,846,252. A copy of the U.S. Trademark Registration Certificate for Reg. No. 4,846,252 is attached as Exhibit 4.

21. The goodwill and reputation of and in connection with the GRACE HOTELS® Name and Marks is well recognized throughout the hotel trade and the general public. The GRACE HOTELS® Name and Marks are well known throughout the United States and the State of New York as a source of origin for Plaintiff's hotel services.

22. Plaintiff's services are advertised and marketed throughout the United States including the State of New York. Plaintiff has and continues to expend significant resources establishing the GRACE HOTELS® Name and Marks in the minds of consumers as a source of high quality hotels and hotel services.

23. The GRACE HOTELS® Name and Marks are inherently distinctive and have enjoyed and/or acquired secondary meaning long prior to Defendant's adoption and use of the infringing HOTEL GRACE name and mark.

24. Plaintiff has established extensive and invaluable rights and goodwill in the GRACE HOTELS® Name and Marks by virtue of its long use of the GRACE HOTELS® Name and Marks, its substantial promotional and marketing efforts, its substantial advertising and promotional expenditures, its strong sales and revenues, and third-party attention and acclaim generated in the course of its business of providing hotels and hotel services, all in connection with the GRACE HOTELS® Name and Marks.

### Defendant and Its Wrongful Conduct

25. Upon information and belief, Defendant has been engaged in hotels and hotel services marketed throughout the United States under the name HOTEL GRACE, in direct competition with Plaintiff's GRACE HOTELS® Name and Marks

26. Sometime in or around June 2016, Plaintiff became aware of Defendant's marketing and offering of hotel services under the name HOTEL GRACE.

27. Upon information and belief, Defendant's HOTEL GRACE building, advertisements and related promotions prominently feature the HOTEL GRACE mark for hotels and hotel services.

28. Upon information and belief, Defendant offers its HOTEL GRACE services throughout the United States and the State of New York.

29. Defendant's use of the HOTEL GRACE mark in connection with hotel services creates the false and deceptive commercial impression that Plaintiff sponsors, is affiliated with or in some manner endorses Defendant's HOTEL GRACE hotel.

30. Defendant's adoption and use of the HOTEL GRACE mark is long after the date of first use of the GRACE HOTELS® Name and Marks by Plaintiff in the United States and the State of New York.

31. On or about June 20, 2016, Plaintiff sent a letter to Defendant asserting that Defendant's use of the HOTEL GRACE mark would lead to confusion in the marketplace, would diminish the value and goodwill associated the GRACE HOTELS® Name and Marks and would be a violation of Plaintiff's rights under applicable state and federal law.

32. In the letter, Plaintiff demanded that Defendant immediately cease and desist from infringing the GRACE HOTELS® Name and Marks.

33. On or about June 26, 2016, Defendant responded to Plaintiff's letter and refused to comply with Plaintiff's demands.

<u>**First Claim For Relief**</u>

**FEDERAL TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114**

34. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

35. Plaintiff owns a Federal Registration for the mark GRACE HOTELS, U.S. Registration No. 4,846,252.

36. The use by Defendant of the mark HOTEL GRACE for hotels and hotel services is likely to cause confusion, mistake and deception of purchasers as to the source of origin of Defendant's products and services.

37. The goodwill of Plaintiff's business under the GRACE HOTELS mark is of significant value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

38. Defendant's infringement will cause Plaintiff irreparable harm unless enjoined by this Court.

**Second Claim For Relief**

**FEDERAL TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114**

39. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

40. Plaintiff owns a Federal Registration for the mark GRACE HOTELS and Design, U.S. Registration No. 3,941,488.

41. The use by Defendant of the mark HOTEL GRACE for hotels and hotel services is likely to cause confusion, mistake and deception of purchasers as to the source of origin of Defendant's products and services.

42. The goodwill of Plaintiff's business under the GRACE HOTELS and Design mark is of significant value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

43. Defendant's infringement will cause Plaintiff irreparable harm unless enjoined by this Court.

### Third Claim For Relief

**FEDERAL TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114**

44. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

45. Plaintiff owns a Federal Registration for the mark GRACE, U.S. Registration No. 4,836,992

46. The use by Defendant of the mark HOTEL GRACE for hotels and hotel services is likely to cause confusion, mistake and deception of purchasers as to the source of origin of Defendant's products and services.

47. The goodwill of Plaintiff's business under the GRACE mark is of significant value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

48. Defendant's infringement will cause Plaintiff irreparable harm unless enjoined by this Court.

### Fourth Claim For Relief

**FEDERAL TRADEMARK INFRINGEMENT
UNDER 15 U.S.C. § 1114**

49. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

50. Plaintiff owns a Federal Registration for the mark GRACE, U.S. Registration No. 4,581,542.

51. The use by Defendant of the mark HOTEL GRACE for hotels and hotel services is likely to cause confusion, mistake and deception of purchasers as to the source of origin of Defendant's products and services.

52. The goodwill of Plaintiff's business under the GRACE mark is of significant value, and Plaintiff will suffer irreparable harm should infringement be allowed to continue to the detriment of its trade reputation and goodwill.

53. Defendant's infringement will cause Plaintiff irreparable harm unless enjoined by this Court.

## Fifth Claim For Relief

### FALSE DESIGNATION OF ORIGIN AND MISLEADING REPUTATION UNDER 15 U.S.C. § 1125(A)

54. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

55. Defendant's wrongful acts as alleged herein are likely to continue to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or association of HOTEL GRACE and its services and products with Plaintiff, or as to the origin, sponsorship, or approval of Defendant, its services and products, and its commercial activities by or with Plaintiff, and thus constitute trade and service mark infringement, trade name infringement and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## Sixth Claim for Relief

### COMMON LAW TRADEMARK INFRINGEMENT AND INJURY TO BUSINESS REPUTATION UNDER NEW YORK LAW AND THE STATUTES OF OTHER STATES

56. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

57. Defendant's wrongful actions realleged herein pass off the services of Defendant as those of Plaintiff; cause and are likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services; and cause, or are likely to cause, confusion or misunderstanding as to the affiliation, connection, or association with, or certification by, Defendant's services with Plaintiff, in violation of N.Y. Gen. Bus. Law Section 360-o and the statutes of other states.

58. Defendant's wrongful actions realleged herein threaten to cause, and have caused, injury to the business reputation of Plaintff and/or dilution of the distinctive quality of the GRACE and GRACE HOTELS Name and Marks in violation of N.Y. Gen. Bus. Law Section 360-l and the statutes of other states.

59. As a direct and proximate result of the wrongful actions, conduct, and practices of Defendant alleged herein, Plaintiff has been injured and will continue to be irreparably injured under the laws of New York and of other states unless Defendant is enjoined.

### Seventh Claim For Relief

### COMMON LAW TRADE AND SERVICE MARK INFRINGEMENT, TRADE NAME INFRINGEMENT, UNFAIR COMPETITION, AND MISAPPROPRIATION UNDER NEW YORK STATE LAW AND THE LAW OF OTHER STATES

60. Plaintiff repeats and realleges every allegation set forth in Paragraphs 1 through 33, above.

61. Defendant's wrongful actions alleged herein constitute common law trade and service mark infringement, trade name infringement, unfair competition, and misappropriation of Plaintiff's goodwill under New York common law and the common law of other states.

62. As a direct and proximate result of the wrongful actions, conduct, and practices of Defendant alleged herein, Plaintiff has been injured and will continue to be irreparably injured under the laws of New York and of other states unless Defendant is enjoined.

### Prayer For Relief

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. A permanent injunction enjoining Defendant and its officers, directors, shareholders, employees, agents, subsidiaries, distributors, dealers, and all persons in active concert or participation with any of them from using any mark or name comprised of or containing GRACE or HOTEL GRACE, or any other confusingly similar mark or name, in any manner in connection with, among other things, hotels and hotel services, or any other products or services that will result in a likelihood of confusion, mistake, or misassociation with Plaintiff or the GRACE HOTELS® Name and Marks.

11

B. An order requiring Defendant to destroy and/or immediately retract all materials comprised of or containing the marks or names GRACE and/or HOTEL GRACE.

C. An order directing Defendant to transfer to Plaintff the domain name "hotelgrace.com" and any other domain names owned or controlled by Defendant that contain GRACE or GRACE HOTELS or any variation thereof.

D. An order directing Defendant to immediately remove and de-list the "hotelgrace.com" website and domain name from any search engines or directories in which it appears.

E. An order requiring Defendant to disseminate corrective advertising and to issue press releases to address the actual and likely confusion that it has caused by its wrongful use of HOTEL GRACE

F. An order requiring Defendant to account for and pay to Plaintiff all profits arising from Defendant's unlawful acts, such profits to be increased pursuant to 15 U.S.C. § 1117 and other applicable laws.

G. An order requiring Defendant to pay Plaintiff damages, in an amount to be determined, resulting from Defendant's unlawful acts, such damages to be trebled pursuant to 15 U.S.C. § 1117 and other applicable laws.

H. An order requiring Defendant to pay Plaintiff's costs and attorneys' fees in this action, pursuant to 15 U.S.C. § 1117 and other applicable laws.

I. Such other and further relief as the Court may deem appropriate.

## Jury Demand

Plaintiff demands a trial by jury of all issues so triable in this action.

Dated: July 8, 2016

Respectfully submitted,

BRYAN CAVE LLP

By: _____
Patricia L. Werner (PW 0885)
1290 Avenue of the Americas
New York, New York 10104
(212) 541-2000

Attorneys for Plaintiff